UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jose A.,

      Petitioner,

v.

Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement, Immigration and Customs Enforcement*; David Easterwood, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; Pamela Bondi, *U.S. Attorney General*; Executive Office for Immigration Review; and Warden, *ERO El Paso Camp East ICE Detention Center, El Paso, Texas*,

      Respondents.

File No. 26-CV-480 (JMB/ECW)

**ORDER**

---

Khanh Nguyen Law Office, Minneapolis, MN, for Jose A.

Jesus Cruz Rodriguez and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, David Easterwood, Pamela Bondi, Executive Office for Immigration Review, and Eric Tollefson.

---

      This matter is before the Court on Petitioner Jose A.'s[1] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Kristi Noem, Todd M. Lyons, David Easterwood, Pamela Bondi, Executive

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

Office for Immigration Review, and Warden of the El Paso Camp East ICE detention Center (together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

## FINDINGS OF FACT[2]

1. Jose A. is a citizen of Mexico who entered the United States in 2000 without inspection. (Pet. ¶¶ 9(b), 23.)

2. Jose A. was detained by Respondents on January 13, 2026, in Minnesota. (*Id.* ¶ 9(a).)

3. Since his initial detention in Minnesota, Jose A. has been transferred to the El Paso Camp East ICE Detention Center in El Paso, Texas. (*Id.* ¶ 15.)

4. Jose A. has no criminal history other than for minor traffic violations. (*Id.* ¶ 9(d).)

5. Jose A. asserts that he is being held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). (*Id.* ¶ 35.)

6. As of 2019, he has I-918 and I-192 applications pending. (*Id.* ¶ 9(f).)

7. On January 20, 2026, Jose A. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) He seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or immediate release. (*Id.* at 12.)

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g., Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

8. On January 20, 2026, the Court ordered Respondents to file a response to the Petition by January 22, 2026, at 11:00 a.m. (Doc. No. 4.) Respondents timely filed a Response. (Doc. No. 6.)

## DISCUSSION

The Court finds that jurisdiction and venue of Jose A.'s Petition is proper in the District of Minnesota, and grants the Petition to the extent it seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) for two separate and independent reasons.[3]

### A. Jurisdiction and Venue in This Court Is Proper

Respondents move, pursuant to 28 U.S.C. § 1406(a), to dismiss Jose A.'s Petition or, in the alternative, to transfer it to the Southern District of Texas because the District of Minnesota is an improper venue. (Doc. No. 6 at 2.) As Respondents' citation to the venue statute makes clear, the "immediate custodian" rule outlined in *Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004), is a venue rule and not a jurisdictional one. The application of the "immediate custodian" rule is not automatic, and the venue for habeas petitions allow for

---

[3] As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

equitable concerns such as convenience and appropriateness of the district. *Luis N. v. Trump*, No. 26-cv-0171 (MJD/SGE) Doc. No. 8, at *3 (D. Minn Jan. 16, 2026) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973)). This Court considers such factors, especially since this Court can reach the custodian by service of process. *Braden*, 410 U.S. at 493 ("So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the petitioner himself is confined outside the court's jurisdiction.").

Here, the equitable factors weigh in favor of this District as the appropriate venue to adjudicate the Petition. The decision to arrest and detain Jose A. was directed to personnel within this District, and therefore witnesses and information about the manner of his arrest would also be found in this District. Jose A. was, for at least some time, actually detained within this District. Jose A. has lived in Minnesota for many years (Pet. ¶ 16), and Respondents have given no response as to the basis of his detention or what the length of his detention would be. Transferring venue would prolong both Jose A.'s detention and the adjudication of his claims. Further, venue should not be transferred simply because a petitioner was unable to file their petition prior to transfer, particularly when that transfer was not at a petitioner's request, is wholly outside of their control, and occurs in a very short time after arrest. Transferring venue solely on the basis that a petitioner was transferred, and thereby currently detained elsewhere, could also have the effect of incentivizing forum shopping, as Respondents could quickly transfer detained

individuals to a district of their choosing. Therefore, this Court concludes that this District is the appropriate forum for deciding Jose A.'s Petition.

### B.  *Maldonado Bautista* Class Member

Turning to the merits of the Petition, Jose A. argues that he is a member of a class that has already been determined to be entitled to a bond hearing pursuant to section 1226(a). (*See, e.g.*, Pet. ¶¶ 30–35.) The Court agrees. Jose A. is a member of the class certified in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-1873, Doc. No. 92 (C.D. Cal. Dec. 18, 2025). The *Maldonado Bautista* class includes:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). As a class member, Jose A. is subject to that court's declaratory relief and final judgment holding that class members are not subject to mandatory detention and are instead entitled to a bond hearing.

### C.  Interpretation of Section 1225

Finally, this Court, like many other courts, has repeatedly rejected Respondents arguments in other cases that petitioners like Jose A. are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). For the reasons discussed below, the Court separately and independently concludes that because section 1225(b) is not applicable to him, Jose A. is

entitled to a bond hearing pursuant to section 1226(a)(1). The Court therefore grants Jose A.'s Petition on this basis, as well.[4]

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several

---

[4] To the extent that the Petition also includes a request for immediate release, the Court declines to address this requested relief because the Petition does not develop an argument that the recent arrest was unlawful, separate and apart from the challenged legal basis for his continued detention without a bond hearing.

conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Jose A. has been residing in the United States since 2005 and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

For these reasons, the Court finds that Jose A.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention. Pursuant to section 1226(a), Jose A. is entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)(2); *see also Belsai D.S.*, 2025 WL 2802947, at *5–6; *Jose Andres R.E.*, 2025 WL 3146312, at *1 n.2. Accordingly, the Court grants the Petition to the extent Jose A. seeks a bond hearing.[5]

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and DENIED in part, as follows:

1. Respondents must <u>immediately</u> provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), and in any event, on or before <u>5:00 p.m. CT on January 23, 2026</u>. If released on bond, Respondents shall <u>immediately</u> release Petitioner in Minnesota.

2. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) by 5:00 p.m. CT on January 23, 2026, as required herein, Petitioner must be immediately released from detention in Minnesota at that time.

---

[5] The Court does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; Jose A. may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

3. On or before <u>11:00 a.m. CT on January 26, 2026</u>, counsel for Respondents shall file a status update affirming that Petitioner received a bond hearing as required by this Order, and advising the results of the bond hearing, or if no bond hearing was held, affirming that Petitioner was released from custody in accordance with this Order.

4. To the extent Petitioner seeks additional relief, the Petition is DENIED.

5. Respondents' Motion to Dismiss (Doc. No. 7) is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 22, 2026                                  */s/ Jeffrey M. Bryan*
                                                          Judge Jeffrey M. Bryan
                                                          United States District Court